UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY SHERIFF, et al., <br><br> Defendants. | CASE NO. C23-5046 BHS <br><br> ORDER |

THIS MATTER is before the Court on Defendant Clark County Sheriff's Motion to Dismiss, Dkt. 15, and pro se plaintiff David Johnson's Motion for a Default Judgment against Defendant Clark County Sheriff's Deputy Shane Joachim, Dkt. 20.

Johnson's complaint alleges that Defendants Clark County Sheriff and Woodland Police Department, along with Defendants deputy Joachim, police officer Brent Murray, and police chief James Kelly, violated his 4th and 14th Amendment constitutional rights when they arrested him in 2021. Dkt. 1.

ORDER - 1

1  The Clark County Sheriff's office moved[1] to dismiss, Dkt. 15, arguing correctly that it is not an entity that can be sued; the proper defendant is the County itself.

  In response, Johnson amended his complaint, Dkt. 17. Johnson was permitted to do so once, as a matter of right, and the effect of his doing so is to moot the pending motion to dismiss. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Thus, the Clark County Sheriff's Department's motion to dismiss, Dkt. 15, is DENIED as moot.

  However, the amended complaint suffers from the same defect: it names as defendants the Sheriff's Office, not Clark County, and the Woodland Police Department, not the City of Woodland. Dkt. 17 at 3–4. It also adds claims against new Defendant Cowlitz County Sheriff's Department—a claim that suffers from the same defect.

  To streamline the case and avoid another round of motions to dismiss, the Court will permit Johnson to AMEND his complaint one more time, to name proper defendants and to state a plausible claim against them. A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] The Sheriff asserts that the incident report was attached to Johnson's complaint, Dkt. 15 at 2 n.2, but no such exhibit is attached to the complaint in this Court's electronic file. Dkt. 1.

ORDER - 2

678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the County is a "person" for purposes of 42 U.S.C. § 1983, Johnson must do more than just name the County as a defendant in order to make it liable for acts of its officers. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690–91 (1978)). Under *Monell*, a plaintiff must allege (1) that a municipality employee violated a constitutional right; (2) that the municipality has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the "moving force" behind the constitutional right violation. *Bd. of Cnty. Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). A municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

Johnson should file a second amended complaint **within 21 days**.

Johnson's Motion for a Default Judgment against Joachim, Dkt. 20, is based on his claim that he served a summons and complaint on "Mike McCabe (Chief Administration Deputy)" and that "McCabe stated he would deliver documents to Shane Joachim Deputy Sheriff." Dkt. 6 at 2.

This is not effective service under Federal Rule of Civil Procedure 4. Joachim is not in default, and Johnson is not entitled to a default judgment. His motion is DENIED. Under Rule 4(m), Johnson has 90 days from the date he filed his complaint, January 18, 2023, to effect service on the defendants.

IT IS SO ORDERED.

//

ORDER - 3

Dated this 7th day of April, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4