1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID A. JOHNSON,

                Plaintiff,

   v.

CLARK COUNTY SHERIFF,

                Defendant.

CASE NO. C23-5046 BHS

ORDER

13

14

15

16

17

18

      THIS MATTER is before the Court on pro se plaintiff David Johnson's motion for denial of qualified immunity, Dkt. 42. Johnson's second amended complaint asserts that Defendants[1] violated his constitutional rights when they arrested him after a pursuit in June 2021. Dkt. 27. The Defendants answered Johnson's operative complaint, Dkts. 33 and 35, and the individual defendants assert that they are entitled to qualified immunity from Johnson's claims.

19

20

21

22

---

[1] The defendants are Cowlitz County, Clark County, the Clark County Sherriff, Clark County Deputy Sheriff Shane Joachim, the City of Woodland, the Woodland Police Department, Woodland Police Chief James Kelly, and Woodland Police Officer Brent Murray. Dkt. 27.

ORDER - 1

1    Johnson's motion asks the Court to determine as a matter of law that Deputy

2   Joachim and Officer Murray are not entitled to qualified immunity. Dkt. 42 at 1. He does

3   not articulate whether he seeks dismissal of the qualified immunity defense under Rule

4   12 or summary judgment on the defense under Rule 56.

5    Joachim correctly points out that because the defendants have answered, a Rule

6   12(b)(6) motion is not proper, and that if it is construed as a Rule 12(c) motion for

7   judgment on the pleadings, it must be denied because they have asserted qualified

8   immunity as an affirmative defense and are entitled to all factual inferences as the non-

9   moving party. He similarly points out that there is no evidence supporting Johnson's

10   motion if it is treated as one for partial summary judgment. Dkt. 43 at 2.

11    Murray construes the motion as one for partial summary judgment. He asserts that

12   Johnson has not and cannot meet his summary judgment burden of demonstrating that

13   there are no genuine issues of material fact and that he is entitled to judgment as a matter

14   of law. Dkt. 44. Johnson has not filed a Reply to either defendant's response.

15    Summary judgment is proper if the pleadings, the discovery and disclosure

16   materials on file, and any affidavits show that there is "no genuine dispute as to any

17   material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

18   P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence

19   in the light most favorable to the nonmoving party and draw all reasonable inferences in

20   that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986);

21   *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact

22   exists where there is sufficient evidence for a reasonable factfinder to find for the

1    nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence

2    presents a sufficient disagreement to require submission to a jury or whether it is so one-

3    sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party

4    bears the initial burden of showing that there is no evidence which supports an element

5    essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6    Once the movant has met this burden, the nonmoving party then must show that there is a

7    genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to

8    establish the existence of a genuine issue of material fact, "the moving party is entitled to

9    judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that

10   the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife*

11   *Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-

12   movant must then produce concrete evidence, without merely relying on allegations in

13   the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

14           Johnson has not addressed or met this standard. He has not submitted evidence

15   supporting the factual statements in his complaint or in his motion. Even if he had, all the

16   evidence must be viewed in the light most favorable to the *non*-moving party (Joachim

17   and Murray), not the moving plaintiff. Johnson's conclusory characterizations are not

18   sufficient, and that conclusion is not altered by the fact his is proceeding pro se.

19           Although the Court must construe Johnson's pleadings liberally, "[p]ro se litigants

20   must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814

21   F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*,

22   693 F.3d 896, 925–28 (9th Cir. 2012); *accord Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.

1    1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound

2    by the rules of procedure."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986)

3    ("[*P*]*ro se* litigants in the ordinary civil case should not be treated more favorably than

4    parties with attorneys of record.").

5           Johnson's Motion to Deny Qualified Immunity, Dkt 42, is DENIED without

6    prejudice to properly seek summary judgment on Joachim and Murray's affirmative

7    defenses.

8           IT IS SO ORDERED.

9           Dated this 14th day of September, 2023.

10

11

12                                    BENJAMIN H. SETTLE
                                      United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER - 4